[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus, alleging illegal confinement. Petitioner, aka David Sanchez was arrested on or about December 31, 1980, in connection with a homicide in a Hartford pharmacy. In 1982 he was convicted after trial of felony murder in violation of Connecticut General Statutes, Section 53a-54c
CT Page 5505 and Section 53a-54a(c). On October 8, 1982, he was sentenced to a term of imprisonment of not less than twenty-five years to life.
Petitioner appealed his conviction directly to our Supreme Court, which found no error, State v. Sanchez, 200 Conn. 721. Petitioner has previously filed three petitions for writ of habeas corpus in Superior Court and one in Federal Court. All were denied. Since his arrest he has maintained that he did not commit the crime and that one Jovino Solar had confessed to him and Maria Navarro that he, Solar, had committed the crime.
On or about November 25, 1996, petitioner filed the instant petition. Attorney Raymond J. Rigat was appointed to represent petitioner and an Amended Petition was filed on October 16, 1997.
The claims asserted are the State's failure to disclose exculpatory evidence at time of trial including: 1) a photograph of one Jovino Solar and 2) police records concerning the investigation of the crime at issue "and of Mr. Gomez's[1]
connection to the crime."
The respondent filed his Return on November 17, 1997 denying any allegations of wrongdoing and raising claims of procedural default and abuse of the writ. These claims were reiterated in respondent's Motion to Dismiss which was filed and argued on December 19, 1997. At the close of argument the court indicated its belief that the issue of the photograph of Jovino Solar had been previously litigated "to the maximum" and were that the sole issue the motion would be granted; but there remained the issue of the police records. Petitioner, through counsel indicated he was prepared to testify but requested the assistance of an interpreter. The matter was continued until January 15, 1998, at which time petitioner testified, as did his trial counsel, Attorney Michael A. Connor,.Jr.
Petitioner testified he had obtained documents in 1992 from the Hartford Police Department, through the freedom of information act, including the document admitted as petitioner's Exhibit A.
Exhibit A is an undated one page document bearing the signature "J. Schatz". It is captioned HARTFORD POLICE DEPARTMENT INVESTIGATIVE SUPPLEMENT. The text of the document recounts, in pertinent part, that on January 5, 1981, Detective Schatz was CT Page 5506 instructed to contact New York City Police Department detectives who had information regarding "Suspect Jubino" . . . "and that he was supposed to be involved in a homicide in the Hartford area last week . . . also that the suspect was trying to leave that city for Puerto Rico . . ." .Schatz' report went on to indicate that on January 6, 1981, he contacted an NYPD detective and found that that department had under surveillance two suspects regarding armed robberies, including "#1 . . Jorge Solar (AKA) Sabino". Schatz was also informed that the "subject Sabino" carried a motor vehicle operator's license belonging to a woman resident of Connecticut, and that Sabino had a Connecticut "social services" number #125879, as well as a social security number. The report notes: "all of the above information is confidential at this time . . ." It goes to say: "They had information, that Sabino had been involved in a robbery and possible homicide of a jewelry store in Conn. . . . area . . .? Info to be forwarded for confirmation.."
The report concludes with a description: "Jovino described as H/M 5'7" tall with full beard, also that he is described as being dark skinned."
Petitioner asserts that the state's failure to disclose these items (police records and the photograph of Solar) prejudiced him in that had they been disclosed, petitioner: a) would have successfully presented his only defense of mistaken identity and b) petitioner would not have been convicted of felony murder.
Petitioner's trial attorney testified as to the extensive efforts the public defender's office made at the time of trial to locate Solar, including contact with the New York Police Department. Trial counsel testified he had been given access to what was represented as the prosecutor's entire file. After reviewing Exhibit A counsel testified that that document had not been disclosed to him. Counsel stated that in his professional opinion the document was important in that had it been disclosed he would have contacted the NYPD detectives named to ascertain what they knew, and what Solar might have said.
It is well established that non-disclosure by the prosecution of evidence favorable to an accused is violative of the due process rights of the accused under the Federal and State Constitutions, Brady v. Maryland, 373 U.S. 83, 83 S. Ct 1194,10 L.Ed.2d 215 (1963); State v. Cohane, 193 Conn. 474, 495-6 (1984). CT Page 5507
To prevail on a Brady claim, the defendant bears a "heavy" burden to establish: "(1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that it was material", State v. McIntyre, 242 Conn. 318, 323, quoting from State v. Milner, 206 Conn. 512, 539, 539 A.2d 80
(1988). Whether, in this case, the prosecutor was aware of the existence of Exhibit A at the time of trial is immaterial; the State's duty of disclosure is imposed on the State as a whole,Demers v. State, 209 Conn. 143, 153 (1988). (citations omitted).
As indicated,supra, petitioner claims suppression by the State of two items, the photograph of Jovino Solar, and Exhibit A. As to the photograph, the court, after hearing testimony of petitioner's trial counsel, concludes the claim is without merit. The photograph was known to petitioner and trial counsel at the time of trial; indeed, petitioner had given the photograph to police. Trial counsel made no effort to have the photograph introduced into evidence as it didn't fit the description of the assailant. The petitioner had ample opportunity to raise the issue in prior proceedings. The court finds no suppression by the State of this photograph at the time of trial.
As to Exhibit A, the respondent argues that the document does not rise to the level of "Brady" material. The court agrees. "The test of materiality of non-disclosed exculpatory evidence requires that there be a `reasonable probability' that, had the evidence been disclosed to the defense the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome, State v. McIntyre,supra, at 323-4 (citations, internal quotation marks omitted). At most, the disclosure of Exhibit A would have provided trial counsel a "lead" which might conceivably have led to some information favorable to the defendant. There is no reasonable probability that, had Exhibit A been disclosed to petitioner at the time of trial the result of the trial would have been different. Petitioner has failed to meet his burden of persuasion.
Accordingly, the relief sought is denied and the petition is dismissed.
By the Court Downey, J.